IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

AVIS BLACK,

                Petitioner,

     Vs.                                No. 13-3178-SAC

REX PRYOR, et al.,

                Respondents.

MEMORANDUM AND ORDER

This matter comes before the court on a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (Dk. 1). The petitioner, Avis Black, received a 72-month term of imprisonment and lifetime post-release supervision for aggravated indecent liberties with a child. Following his plea and sentence, Black appealed his sentence arguing that lifetime post-release supervision violated the cruel and unusual punishment provisions of the Eighth Amendment to the United States Constitution and § 9 of the Kansas Constitution Bill of Rights. The Kansas Court of Appeals affirmed the sentence, and the Kansas Supreme Court denied his petition for review. *State v. Black*, 293 P.3d 815, 2013 WL 517596 (Kan. App. Feb. 8, 2013), *rev. denied*, 297 Kan. No. 3 at VII (Aug. 19, 2013). Black's application for writ of habeas corpus raises two issues:   first, that lifetime post-release supervision is unconstitutionally disproportionate as applied to his case; and second, that

lifetime post-release supervision is unconstitutionally disproportionate as imposed categorically on the class of crime which he committed.

## PROCEDURAL HISTORY

The court borrows the Kansas Court of Appeals' summary of the procedural history used in his direct appeal:

> In October 2009, Black, who was 27 years old, began dating a 15–year–old girl; the two had sex later that month. As a result, the State charged Black with aggravated indecent liberties with a child in violation of K.S.A. 21–3504(a)(1). On March 12, 2010, pursuant to a plea agreement, Black pled guilty as charged. Prior to sentencing, Black filed a motion for a downward departure sentence and a motion asking the district court to lessen the duration of postrelease supervision from the presumed lifetime term. Black argued that lifetime postrelease supervision violated both the Eighth Amendment to the United States Constitution and § 9 of the Kansas Constitution Bill of Rights. The State filed a response, and the district court heard oral argument and allowed both parties to present evidence. After hearing the evidence, the district court granted a downward durational departure from the presumptive standard sentence of 216 months' imprisonment to 72 months' imprisonment. However, the district court found that lifetime postrelease supervision was constitutionally permissible and sentenced Black to lifetime postrelease supervision. Black timely appealed his sentence.

*Black*, 2013 WL 517596 at *1.

## AEDPA STANDARD OF REVIEW

This matter is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA imposes a "highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 130 S. Ct. 1855, 1862 (2010) (citation and internal quotation marks omitted). Indeed, it "erects

2

a formidable barrier to federal habeas relief." *Burt v. Titlow*, ---U.S.---, 134 S.

Ct. 10, 16 (2013). Under AEDPA, where a state prisoner presents a claim in

habeas corpus and the merits were addressed in the state courts, a federal

court may grant relief only if it determines that the state court proceedings

resulted in a decision (1) "that was contrary to, or involved an unreasonable

application of, clearly established Federal law, as determined by the Supreme

Court of the United States" or (2) "that was based on an unreasonable

determination of the facts in light of the evidence presented in the State court

proceeding." 28 U.S.C. § 2254(d).

The Tenth Circuit has summarized the relevant law interpreting

and applying this statute:

> "Clearly established law is determined by the United States
> Supreme Court, and refers to the Court's holdings, as opposed to the
> dicta." *Lockett [v. Trammel]*, 711 F.3d [1218] at 1231 [(10th Cir. 2013)]
> (quotations omitted). A state court decision is "contrary to" the Supreme
> Court's clearly established precedent "if the state court applies a rule
> different from the governing law set forth in [Supreme Court] cases, or if
> it decides a case differently than [the Supreme Court has] done on a set
> of materially indistinguishable facts." *Bell v. Cone*, 535 U.S. 685, 694,
> 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002) (quotations omitted).
> A state court decision is an "unreasonable application" of Supreme
> Court precedent if "the state court identifies the correct governing legal
> rule from [the] Court's cases but unreasonably applies it to the facts of
> the particular state prisoner's case." *Williams v. Taylor*, 529 U.S. 362,
> 407, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) (opinion of O'Connor, J.);
> accord *Wiggins v. Smith*, 539 U.S. 510, 520, 123 S.Ct. 2527, 156
> L.Ed.2d 471 (2003). "Evaluating whether a rule application was
> unreasonable requires considering the rule's specificity. The more
> general the rule"—like the one adopted in *Strickland*—"the more leeway
> [state] courts have in reaching outcomes in case-by-case
> determinations." *[Harrington v.] Richter*, 131 S.Ct. [770] at 786

[(2011)] (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664, 124 S.Ct. 2140, 158 L.Ed.2d 938 (2004)). An "unreasonable application of federal law" is therefore "different from an incorrect application of federal law." *Id.* at 785 (quoting *Williams*, 529 U.S. at 410, 120 S.Ct. 1495 (opinion of O'Connor, J.)).

　　We may "issue the writ" only when the petitioner shows "there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents." *Id.* at 786 (emphasis added). "Thus, "even a strong case for relief does not mean that the state court's contrary conclusion was unreasonable." *Id.* "'If this standard is difficult to meet'—and it is—'that is because it was meant to be.'" *Titlow*, 134 S.Ct. at 16 (quoting *Richter*, 131 S.Ct. at 786). Indeed, AEDPA stops just "short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings." *Richter*, 131 S.Ct. at 786. Accordingly, "[w]e will not lightly conclude that a State's criminal justice system has experienced the 'extreme malfunction' for which federal habeas relief is the remedy." *Titlow*, 134 S.Ct. at 16 (quoting *Richter*, 131 S.Ct. at 786).

*Frost v. Pryor*, 749 F.3d 1212, 1223 (10th Cir. 2014).

　　When factual issues are raised in the § 2254 proceeding, the habeas court shall not grant relief unless the state court decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Pursuant to § 2254(e)(1), the habeas court must presume the state court's factual determinations are correct, and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." "The standard is demanding but not insatiable . . . [because] '[d]eference does not by definition preclude relief.'" *Miller-El v. Dretke*, 545 U.S. 231, 240 (2005) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003)).

Black summarily requests an evidentiary hearing without indicating what evidence he needs to submit. The court finds that Black's arguments can be resolved on the record making an evidentiary hearing unnecessary. *Anderson v. Attorney General of Kansas*, 425 F.3d 853, 859 (10th Cir. 2005). "[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). The court denies Black's summary request for an evidentiary hearing.

## CASE-SPECIFIC EIGHTH AMENDMENT CHALLENGE

In his petition, Black articulates this issue as the sentencing court's decision was contrary to *Furman v. Georgia*, 408 U.S. 238 (1972). He argues the district court's factual findings were unreasonable "because there was no history of sexual activity with pre-adult girls" and because there was no testimony establishing that the mother of his child was a minor when she became pregnant. (Dk. 1, p. 3). Black specifically argues the application of two factors from the Kansas Supreme Court decision, *State v. Freeman*, 223 Kan. 362, 574 P.2d 950 (1978). He concludes his initial petition with the argument that the psychologist's report used at his sentencing denied him the right to cross-examine whether the female described in the evaluation report was a minor when she became pregnant. In his traverse, Black adds that he "did not get a chance to testify or present any kind of evidence at the sentencing phase

before the court sentenced" him to lifetime post-release supervision. (Dk. 22, p. 4).

The respondent first challenges the petitioner's summary arguments on the sentencing court's unreasonable determination of the facts. The respondent next argues that the petitioner procedurally defaulted this claim by not developing his Eighth Amendment issue on direct appeal to the Kansas Court of Appeals. In the alternative, respondent concludes the petitioner cannot prevail on the merits.

As far as the petitioner's challenges to the state court's factual determinations, they are refuted by the actual sentencing record. First, Black's counsel introduced into evidence the psychosexual evaluation of Seth Wescott without any limitation or reservation on the sentencing court's consideration of the same. (R. Vol. 12, pp. 6-7). Second, the prosecutor argued from Wescott's evaluation:

> The evaluator indicated that when asked about the age difference with one of the mothers of a child, Mr. Black indicated it was not a big deal, because she was legal age of consent, and he—Mr. Wescott states again, although the defendant denied a specific attraction to teenagers, he has a history of sexual behaviors involving preadult females, and again the evaluator points out that his son's mother was 16 years of age, five years younger than he, when she conceived their child, and then he was arrested in this case.

*Id.* at p. 11. The state sentencing court found:   "Also in the evaluation it points out that he has a history of sexual behaviors involving preadult females." *Id.* at p. 43). Thus, both the prosecutor and the state court cited the

psychosexual evaluation as supplying evidence on Black's history of sexual

behaviors. After introducing this evaluation, Black's counsel did not object to

or refute the prosecutor's use of the evaluation as evidence of Black's history

of sexual activity with pre-adult females. Nor was any objection made to the

sentencing court's use of the evaluation in making its findings. Black has not

carried his burden of showing the state court made any unreasonable

determination of the facts from the evaluation that was actually introduced on

his behalf. The state court sentencing record belies Black's assertion that he

was denied any right to testify or introduce evidence. This last argument was

first raised in Black's reply or traverse and is, therefore, not properly before

the court. *See Jordan v. Wiley*, 411 Fed. Appx. 201, 212 n.9, 2011 WL 441776

(10th Cir. Feb. 9, 2011).

On direct appeal of this first issue, the Kansas Court of Appeals

found:

> Although Black asserts in his statement of the issue that his sentence
> violates both the Kansas and federal constitutions, his analysis focuses
> almost entirely on § 9 of the Kansas Constitution Bill of Rights. A point
> raised incidentally in a brief and not argued therein is deemed
> abandoned. *State v. Anderson*, 291 Kan. 849, 858, 249 P.3d 425
> (2011).

*State v. Black*, 2013 WL 517596 at *1. Upon finding that Black had abandoned

his federal constitutional argument, the Court of Appeals analyzed the balance

of Black's arguments on this issue exclusively under Kansas law.

A federal habeas court may not review a state court decision that

rests on a state law ground which "is independent of the federal question and

is adequate to support" the decision. *Barker v. McKune*, 2013 WL 100127 at *4

(D. Kan. 2013) (citing *Coleman v. Thompson*, 501 U.S. 722, 729–30, 111 S.Ct.

2546, 115 L.Ed.2d 640 (1991). This procedural bar's operation can be

summarized in these terms:

> "[F]ederal habeas review . . . is barred" in any case "in which a state
> prisoner has defaulted his federal claims in state court pursuant to an
> independent and adequate state procedural rule[,] . . . unless the
> prisoner can demonstrate cause for the default and actual prejudice as a
> result of the alleged violation of federal law, or demonstrate that failure
> to consider the claims will result in a fundamental miscarriage of justice."
> *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d
> 640 (1991).
> "If a particular claim was 'defaulted in state court on an independent and
> adequate state procedural ground,' we recognize the state courts'
> procedural bar ruling and do not address the claim on the merits 'unless
> cause and prejudice or a fundamental miscarriage of justice is shown.'"
> *Johnson v. Champion*, 288 F.3d 1215, 1223 (10th Cir. 2002) (quoting
> *Maes v. Thomas*, 46 F.3d 979, 985 (10th Cir.1995)). To be independent,
> the procedural ground must be based solely on state law. *English v.
> Cody*, 146 F.3d 1257, 1259 (10th Cir. 1998). To be adequate, the
> procedural ground "must be strictly or regularly followed and applied
> evenhandedly to all similar claims." *Sherrill v. Hargett*, 184 F.3d 1172,
> 1174 (10th Cir. 1999).

*Thacker v. Workman*, 678 F.3d 820, 835 (10th Cir. 2012), *cert. denied*, –––

U.S. ––––, 133 S.Ct. 878, 184 L.Ed.2d 688 (2013). For "cause," the petitioner

must show some "some objective factor external to the defense impeded

counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*,

477 U.S. 478, 488 (1986). "'Ineffective assistance of counsel [at trial or on

8

direct appeal], . . ., is cause for procedural default.'" *United States v. Challoner*, 583 F.3d 745, 749 (10th Cir. 2009) (quoting *Murray*, 477 U.S. at 488). Before a petitioner may assert "ineffective assistance of trial or appellate counsel to establish cause for his procedural default, he must first present this argument as an independent claim to the state court." *Gonzales v. Hartley*, 396 Fed. Appx. 506, 508–509 (10th Cir. 2010) (citing *Murray*, 477 U.S. at 488–89). For "prejudice," the petitioner must show "not merely that the errors at this trial constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982).

In finding that Black had abandoned his issue on direct appeal, the Kansas Court of Appeals employed an independent and adequate state procedural ground that is regularly followed. *See Livingston v. Kansas*, 407 Fed. Appx. 267, 2010 WL 4318817 at *2–*3 (10th Cir. 2010); *Soriano–Garcia v. McKune*, 2012 WL 405524 at *3–*4 (D. Kan. 2012); *see State v. Plotner*, 290 Kan. 774, 777, 235 P.3d 417 (2010) ("An issue not briefed or raised incidentally without argument is deemed abandoned. *Cooke v. Gillespie*, 285 Kan. 748, 758, 176 P.3d 144 (2008)."). Because of the procedural default of Black's claims in state court, this court may not consider the issue unless Black is able to show cause and prejudice for the default, or demonstrate that a

fundamental miscarriage of justice would result if his claims are not considered. *See Coleman*, 501 U.S. at 750. Thus, this issue is barred by procedural default unless excused by a showing of cause and prejudice or a miscarriage of justice.

Petitioner here has not established cause and prejudice or made a showing of actual innocence. Black makes a conclusory denial of any default without any arguments or evidence to support his position. The court finds that Black has failed to show cause for his default in the Kansas Court of Appeals to brief this Eighth Amendment issue. Nor has Black attempted to demonstrate that without federal habeas review there would be a fundamental miscarriage of justice. For these reasons, the court finds this issue to be procedurally barred from federal habeas review, and relief is denied on it.

**CATEGORICAL EIGHTH AMENDMENT CHALLENGE**

In his original petition, Black argues an Eighth Amendment violation because his crime did not involve force, fear, or a victim under the age of 14. The respondent argues the Kansas Court of Appeals applied the categorical analysis approved by the United States Supreme Court and did so in a manner that was not unreasonable. Applying *Graham v. Florida*, 560 U.S. 48, 60-61 (2010), the Kansas Court of Appeals determined that Black's categorical challenge focused on the nature of the offense, as he was arguing that "[l]ifetime postrelease supervision without the possibility of release or

discharge violates the Eighth Amendment when imposed for first offenses

involving sex with persons 14 or older, without any element of force, coercion,

prostitution, or pornography." *State v. Black*, 2013 WL 517596 at *6. The

appeals court observed that Black's argument was "identical to the categorical

challenge in" *State v. Mossman*, 294 Kan. 901, 281 P.3d 153 (2012), and

ordered Black to show cause for why his appeal should not be summarily

affirmed under the controlling authority of *Mossman*. In his response, Black

conceded his conviction was for the same crime as in *Mossman*, but he argued

one distinguishing feature about himself. In his appellate brief, Black

abandoned this distinction as being a limit on the range of offenders. The

appeals panel found that Black had "abandoned the only argument potentially

distinguishing his case from *Mossman*." 2013 WL 517596 at *6. Thus, the

court held:

> In *Mossman*, our Supreme Court addressed an Eighth Amendment
> categorical proportionality challenge by a man convicted of one count of
> aggravated indecent liberties with a child, among other charges, just as
> Black does here. *See* 294 Kan. at 903, 925–30. As stated above,
> Mossman challenged lifetime postrelease supervision as imposed on
> offenders for a category of offense identical to Black's asserted category
> in the instant case. *See Mossman*, 294 Kan. at 928. The *Mossman* court
> followed the guidance of the United States Supreme Court in *Graham*.
> 294 Kan. at 929. The Graham Court applied a two-step analysis in
> considering a categorical challenge under the Eighth Amendment:   "The
> Court first considers 'objective indicia of society's standards, as
> expressed in legislative enactments and state practice' to determine
> whether there is a national consensus against the sentencing practice at
> issue. [Citation omitted.] Next, guided by 'the standards elaborated by
> controlling precedents and by the Court's own understanding and
> interpretation of the Eighth Amendment's text, history, meaning, and

purpose,' [citation omitted], the Court must determine in the exercise of its own independent judgment whether the punishment in question violates the Constitution." 130 S.Ct. at 2022. The *Mossman* court ultimately held that a "sentence to lifetime postrelease supervision under K.S.A. 22–3717(d)(1)(G) for [a] conviction of aggravated indecent liberties with a child is not categorically disproportionate and, therefore, is not cruel and unusual punishment under the Eighth Amendment to the United States Constitution." 294 Kan. at 930. Black has not filed a letter of additional authority explaining why this court should not follow the guidance of our Supreme Court on this issue, nor, as stated above, has Black pursued the only argument that he asserted would distinguish his case from *Mossman*. The Court of Appeals is duty bound to follow Kansas Supreme Court precedent, absent some indication that the court is departing from its previous position. *State v. Ottinger*, 46 Kan.App.2d 647, 655, 264 P.3d 1027 (2011), *rev. denied*, 294 Kan. –––– (2012). There is no indication that the Supreme Court is departing from its position in *Mossman*. Accordingly, Black's sentence to lifetime postrelease supervision for a conviction of aggravated indecent liberties with a child is not categorically disproportionate and, thus, is not cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.

*State v. Black*, 2013 WL 517596 at *6-*7. In sum, the Kansas Court of Appeals summarily followed *Mossman* as the controlling precedent.

Black has made no attempt at showing how the *Mossman* decision is contrary to *Graham* or involves an unreasonable application of it. Black does not argue that the Kansas Supreme Court in *Mossman* applied a rule different from *Graham* or that *Mossman* was decided differently from another Supreme Court case involving materially indistinguishable facts. The Kansas Supreme Court followed the Ninth Circuit's analysis of *Graham* in a decision which rejected an Eighth Amendment categorical challenge to lifetime supervised release for child pornography. 294 Kan. at 929-30 (citing *United States v.*

*Williams*, 636 F.3d 1229 (9th Cir.), *cert. denied*, 132 S. Ct. 188 (2011)). The

Kansas Supreme Court found:

> In addition, as we have previously discussed, several other states have
> adopted lifetime postrelease supervision for many, if not all, sexually
> violent crimes. Hence, the numbers cited in *Williams* do not reflect the
> total number of sex offenders subject to lifetime postrelease supervision.
>    The *Williams* court next exercised its "'independent judgment' " by
> considering "'whether the challenged sentencing practice serves
> legitimate penological goals.'" *Williams*, 636 F.3d at 1234 (quoting
> *Graham*, 130 S.Ct. at 2026). As quoted earlier, the *Williams* court noted
> that the goals of rehabilitation and incapacitation "are central purposes
> of the criminal justice system, and they are particularly critical here
> given the propensity of sex offenders to strike again." *Williams*, 636 F.3d
> at 1234.
>    The Ninth Circuit's conclusion applies equally to those sentenced in
> Kansas to postrelease supervision for the crime of aggravated indecent
> liberties with a child. Further, although Williams was a repeat sex
> offender rather than a first-time sex offender like Mossman, some of the
> penological objectives for lifetime postrelease supervision—particularly
> deterrence, incapacitation, and rehabilitation—are the same whether the
> offender has committed one or many offenses. Accordingly, we conclude
> the analysis is persuasive as to both the classification of the crime and its
> application to the class of first-time sex offenders, especially when we
> factor in other states' acceptance of lifetime postrelease supervision
> when an offender has committed a similar crime.
>    As a result, we hold that Mossman's sentence to lifetime
> postrelease supervision under K.S.A. 22–3717(d)(1)(G) for his
> conviction of aggravated indecent liberties with a child is not
> categorically disproportionate and, therefore, is not cruel and unusual
> punishment under the Eighth Amendment to the United States
> Constitution.

294 Kan. at 930. The court has no basis for questioning the Kansas Supreme

Court's decision in *Mossman* as contrary to *Graham* or as an unreasonable

application of *Graham*. It followed the Ninth Circuit's application of *Graham*,

and the Supreme Court even denied a petition for certiorari on the Ninth

13

Circuit's application of *Graham*. Black has failed to show a constitutional violation, and his petition for habeas relief shall be denied.

**CERTIFICATE OF APPEALABILITY**

Rule 11 of the Rules Governing Section 2254 Proceedings states that the court must issue or deny a COA when it enters a final order adverse to the applicant. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a district court has rejected the constitutional claims on the merits, a petitioner makes that showing by demonstrating that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see United States v. Bedford*, 628 F.3d 1232 (10th Cir. 2010). When a claim is denied on procedural grounds, "the petitioner seeking a COA must show both 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Gonzalez v. Thaler*, --- U.S. ---, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484). There is nothing to indicate that the court's ruling involves any debatable or incorrect propositions. Petitioner has not met these standards as to any issue presented, so no certificate of appealability shall be granted.

14

IT IS THEREFORE ORDERED that the petition for habeas corpus

relief under 28 U.S.C. § 2254 (Dk.1) is denied.

Dated this 3rd day of September, 2015, Topeka, Kansas.


s/Sam. A. Crow
Sam A. Crow, U.S. District Senior Judge